**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-20508** |
| **ARABELLA PH 3201 LLC** | § | |
| **(EIN 42-4846914),** | § | **Chapter 11** |
| | § | **Subchapter V** |
| **Debtor.** | § | |

# DEBTOR'S MOTION TO CONTINUE THE NOVEMBER 19, 2026 EVIDENTIARY HEARING ON THE UNITED STATES TRUSTEE'S MOTION TO CONVERT (DOCS. 10, 11, 16)

Arabella PH 3201 LLC, debtor and debtor in possession (the "Debtor"), moves to continue the evidentiary hearing on the *United States Trustee's Motion to Convert* (Docs. 10, 11), set for Thursday, November 19, 2026 at 9:00 a.m. in Cheyenne (Doc. 16). The Debtor asks that the hearing be reset to Tuesday, December 22, 2026 at 9:30 a.m., when the Court has already set an in-person evidentiary hearing in this case on the Receiver's motion (Doc. 32), or to the earliest date after that which is convenient to the Court. The Subchapter V Trustee consents. The United States Trustee does not.

## I. SUMMARY

1. Three independent circumstances support a short continuance. The Debtor's only witness lost an immediate family member on the evening of November 13, 2026 and is attending to his family; he also has three other court settings on November 19. The Debtor's own meeting of creditors is set for 11:00 a.m. the same morning,

two hours into the evidentiary hearing. And the Court has already reserved December 22 for an in-person evidentiary hearing in this case on a motion that turns on the same witnesses and the same evidence.

2. No party is prejudiced by the delay. The automatic stay remains in effect by order of the Court (Doc. 32). The Unit is occupied and insured. The Debtor's objection, witness and exhibit list, and exhibits are on file (Docs. 35, 37, 41, 42).

3. Because the United States Trustee has declined to consent, the Debtor addresses § 1112(b)(3) directly in Part III and asks, in the alternative, that the Court commence the hearing on November 19 and continue the evidentiary portion to December 22.

## II. BACKGROUND

### A. The settings on November 19, 2026.

4. The United States Trustee filed the *Motion to Convert* on October 26 and 27, 2026 (Docs. 10, 11) and noticed it for an evidentiary hearing on November 19, 2026 at 9:00 a.m. (Doc. 16).

5. The Debtor's meeting of creditors under § 341 is set the same day at 11:00 a.m., by telephone (Doc. 9). The United States Trustee's initial debtor interview, which that office has stated must precede the meeting of creditors, was not completed on November 12 and is being reset to Monday, November 16, 2026.

6. On November 6, 2026 the Court set the Receiver's *Motion for Determination of Non-Applicability of the Automatic Stay* (Doc. 14) for a preliminary hearing on November 25, 2026 and an in-person evidentiary hearing on December 22, 2026 at

9:30 a.m. in Cheyenne, and ordered that the automatic stay remain in effect until the conclusion of that hearing (Doc. 32).

**B. The Debtor's witness.**

7. Ali Choudhri is the Debtor's Manager and the only witness through whom the Debtor can present its case on the matters the *Motion to Convert* puts in issue: the Debtor's formation and purpose, its interest in the Unit, the first case and the reason it was dismissed, the Debtor's income, insurance, and plan funding, and the allegations of bad faith directed at him personally.

8. On November 12, 2026, while counsel and Mr. Choudhri were waiting to be admitted to the initial debtor interview, the condition of an immediate family member for whom Mr. Choudhri is responsible changed seriously for the worse. That family member passed away on the evening of November 13, 2026. The funeral has not yet taken place, and Mr. Choudhri's family, his mother in particular, needs his presence and support during this period. The Subchapter V Trustee and the United States Trustee's analyst agreed that evening that the interview should be rescheduled to a date when Mr. Choudhri can attend.

9. Mr. Choudhri also has three other court settings on November 19, 2026. On November 13 he wrote to the United States Trustee's office, the Subchapter V Trustee, and counsel to ask for a continuance and a conference. Whether he will be able to travel to Cheyenne and testify on November 19 is not known as of this filing, and the ten-day window for a video appearance under L.B.R. 9074-2 has passed.

**C. Lead counsel's other settings.**

10. In *In re JetAll/Croix Properties, LP*, No. 26-38421 (Bankr. S.D. Tex.), lead counsel for the Debtor is set on a creditor's motion for relief from stay at 2:00 p.m. Central time on November 19, 2026. By orders of November 9, 2026, that court permitted counsel to appear virtually from Wyoming, stated that it had conferred with this Court, and noted that, if required, this Court will break at 2:00 p.m. Central time for that hearing (No. 26-38421, Docs. 12, 14). The Debtor discloses the setting so that the Court can plan the day; it is not a ground for this motion.

11. Lead counsel also has an initial conference before a United States Magistrate Judge in *Harding v. City of West University Place*, No. 4:26-cv-05355 (S.D. Tex.), set for 12:00 p.m. Central time by video; an unopposed motion to continue that conference, filed November 6, 2026, was referred to the Magistrate Judge on November 10 and is pending (No. 4:26-cv-05355, Docs. 12, 14).

12. Lead counsel and Wyoming counsel will be present in Cheyenne on November 19 whatever the Court decides on this motion.

**D. The Debtor's compliance.**

13. The Debtor has met every deadline. It cured the Clerk's deficiency notice (Docs. 24 through 30); filed its *Witness and Exhibit List*, its proposed exhibits, and a supplement (Docs. 35, 37, 41); filed its objection to the *Motion to Convert* and a supplement to it (Docs. 42, 46); and filed its objection to the Receiver's motion on the day it was due (Doc. 45). The paper exhibit sets required by L.B.R. 9070-1 were delivered to the Clerk this week. The United States Trustee filed his witness

list and fifteen exhibits on November 12 (Doc. 39), and both the United States Trustee and the Receiver have been permitted to appear on November 19 by video (Docs. 38, 40).

**E. Conference.**

14. On November 11, 2026 counsel for the Debtor asked the United States Trustee and the Subchapter V Trustee by email whether they would consent to a continuance. The Subchapter V Trustee responded the same day that he has no objection. The United States Trustee responded on November 12 that he does not consent. Counsel for the Debtor requested the Receiver's position by email on November 13, 2026; on November 14 the Receiver stated that he opposes a continuance, and on November 16 he confirmed that the Receiver opposes both a continuance and the narrower alternative described in Part III.C.

## III. ARGUMENT

**A. Section 1112(b)(3) permits a continuance for compelling circumstances.**

15. Section 1112(b)(3) directs the Court to commence the hearing on a motion to convert within thirty days after it is filed and to decide the motion within fifteen days after the hearing commences, "unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits." The United States Trustee has declined to consent. The question is therefore whether the circumstances are compelling.

16. They are. A debtor's only witness called away by a death in his immediate family, days before a hearing at which his credibility and good faith are the central issues,

is a compelling circumstance. The *Motion to Convert* accuses Mr. Choudhri by name of bad faith and of withholding information from the state court. The Debtor is entitled to answer those accusations through his live testimony, subject to cross-examination, rather than through counsel. The meeting of creditors set two hours into the hearing is a second.

17. The continuance also serves the Court's calendar. The Receiver's motion (Doc. 14) and the *Motion to Convert* (Doc. 11) rest on the same record: the Wyoming Secretary of State filings for both Arabella companies, the recorded title instruments, the receivership orders and the Receiver's testimony about their scope, the July 28, 2026 order and its appeal, the events of September 15, 2026, and the Debtor's plan. The United States Trustee's motion relies expressly on the Receiver's filings (Doc. 11 ¶¶ 11-13). The Debtor's exhibits for both hearings are already consolidated under one lettering (Docs. 35, 37, 41). One hearing on December 22 means one evidentiary record, one trip to Cheyenne for the witness, and one set of findings on the facts common to both motions.

**B. No party is prejudiced.**

18. The thirty-day rule exists to prevent a debtor from using delay to the detriment of creditors. Nothing of the kind is at work here. The stay is in place by order of the Court until the conclusion of the December 22 hearing (Doc. 32), so the Receiver's position is unchanged by the continuance. The Unit is occupied, insured, and not depreciating; the secured claims against it are ad valorem taxes and condominium

assessments that accrue at the same rate whichever month the hearing is held. The Debtor has no operating business whose losses could mount in the interim.

19. The Debtor, by contrast, would be prejudiced by proceeding without its witness. A motion to convert on grounds of bad faith is decided on the debtor's intent and candor, and those are matters for testimony. Without Mr. Choudhri the Court would be asked to decide the case on the United States Trustee's fifteen exhibits and the Receiver's characterizations, with no live witness for the Debtor. The Debtor is not asking to avoid that examination. It is asking that it happen.

**C. In the alternative, the Court should commence the hearing on November 19 and continue the evidentiary portion.**

20. If the Court is not prepared to reset the hearing in full, the Debtor asks that the Court commence the hearing on November 19 as noticed, so that the thirty-day period of § 1112(b)(3) is satisfied; hear argument on the legal questions presented by the motion and the objection (Docs. 11, 42); take up scheduling and procedural matters; and continue the taking of evidence to December 22, 2026, to be heard with the Receiver's motion. The United States Trustee's and the Receiver's video appearances (Docs. 38, 40) would be unaffected. Lead counsel and Wyoming counsel would appear in person on November 19 in that event.

## IV. PRAYER

The Debtor asks the Court to continue the evidentiary hearing on the *Motion to Convert* (Docs. 10, 11) from November 19, 2026 to December 22, 2026 at 9:30 a.m., to be heard with the evidentiary hearing set by Doc. 32, or to the earliest date thereafter

convenient to the Court; in the alternative, to commence the hearing on November 19, 2026 and continue the evidentiary portion to December 22, 2026; and to grant such other relief as is just. A proposed order is submitted with this motion.

Date: November 16, 2026

Respectfully submitted,

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**
Minnesota Bar No.: 0403083
Admitted pro hac vice (Doc. 23)
***Vincent Civil Rights – a Division of Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**

*/s/ Charles F. Pelkey*
**Charles F. Pelkey**
Wyoming State Bar No. 7-4612
Laramie Plains Civic Center
710 E. Garfield Street
Laramie, Wyoming 82070
Tel: (307) 920-0542
**CPelkey@LaramieLawyers.com**
*Local Counsel for the Debtor*

**COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**

## CERTIFICATE OF CONFERENCE

Counsel for the Debtor conferred by email with Daniel J. Morse, counsel for the United States Trustee, and Paul A. Jordan, Subchapter V Trustee, on November 11, 2026. Mr. Jordan stated on November 11 that he has no objection. Mr. Morse stated on November 12 that the United States Trustee does not consent. Counsel for the Debtor requested the position of Andrew V. Hardenbrook, counsel for the Receiver, by email on November 13, 2026; on November 14, 2026 he stated that the Receiver opposes a continuance, and on November 16, 2026 he confirmed that the Receiver also opposes the alternative relief requested in Part III.C. The motion is opposed.

## CERTIFICATE OF SERVICE

I certify that on November 16, 2026, the foregoing motion and proposed order were filed through the Court's CM/ECF system, which served notice on all registered users, including Daniel J. Morse, counsel for the United States Trustee, and Andrew V. Hardenbrook, counsel for Travis B. Vargo, and that a copy was served by electronic mail on Paul Arthur Jordan, Subchapter V Trustee, at paul@np3llc.com.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**