**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-20508** |
| **ARABELLA PH 3201 LLC** | § | |
| **(EIN 42-4846914),** | § | **Chapter 11** |
| | § | **Subchapter V** |
| **Debtor.** | § | |

# DEBTOR'S NOTICE OF RECUSAL AND MOTION TO RECUSE UNDER 28 U.S.C. § 455 AND FED. R. BANKR. P. 5004, TO BE DECIDED BEFORE ANY OTHER MATTER, INCLUDING ANY QUESTION OF TRANSFER

Arabella PH 3201 LLC, debtor and debtor in possession (the "Debtor"), joined by Ali Choudhri, individually, as a party in interest under 11 U.S.C. § 1109(b), gives notice of the grounds for recusal set out below and moves under 28 U.S.C. § 455 and Fed. R. Bankr. P. 5004 for recusal of the presiding judge. Recusal is a threshold question. The Debtor asks that this Notice and Motion be decided first, before the Court takes up any other matter, including any question of transfer, and that no substantive ruling be made until it, and any review of it, is finally resolved.

## I. SUMMARY

On Friday, November 13, 2026, at 4:47 p.m. Mountain Time, at the close of business before a weekend, the Court issued, on its own motion, an order to show cause why this case should not be transferred (Doc. 43). It set an in-person hearing in Cheyenne for Thursday, November 19, 2026, at 9:00 a.m. Mountain Time, with responses due

Wednesday, November 18. That left three business days to respond and prepare. On Monday, November 16, the first of those three days, Ali Choudhri, the Debtor's Manager and a party in interest, was admitted to Houston Methodist Hospital, where he remained through the hearing. At the November 19 hearing the Court declined to receive evidence and took transfer under advisement. It has not ruled.

On November 19, 2026, during a 9:30 a.m. Central Time hearing in *In re Jetall Companies, Inc.*, No. 24-35761 (Bankr. S.D. Tex.), the judge presiding in that case, the Honorable Jeffrey P. Norman, stated on the record that he had spoken with this Court before that hearing and that "she's going to transfer that case to the Southern District of Texas." This Court has since stated on the record that it made no such decision and that Judge Norman's statement was his own "interpretation" of their call. Whichever account is accurate, a reasonable person knowing these facts would question whether the transfer issue will be decided on the merits. Recusal is required under 28 U.S.C. § 455(a); transfer must be decided by a different judge; and the presiding judge's personal knowledge of a disputed fact about this proceeding independently implicates § 455(b)(1).

## II. <u>FACTS</u>

1. On November 13, 2026, the Court issued, on its own motion, an order to show cause why this case should not be transferred (Doc. 43). The order was filed at 4:47 p.m. Mountain Time on a Friday. It stated that the issue came to the Court's attention "[i]n preparing for the hearing on the United States Trustee's Motion to Convert." It required the Debtor "to appear and show cause as to why this case

should not be transferred," set responses for November 18, and set an in-person hearing in Cheyenne for November 19 at 9:00 a.m. It was served on five recipients: Debtor's counsel, the Subchapter V Trustee, counsel for the United States Trustee, the United States Trustee, and the Receiver's counsel. It was not served on Mr. Choudhri or on the Debtor's creditors. The Debtor responded (Docs. 52, 57) and appeared through counsel. The Court has not ruled on transfer. This Notice and Motion is filed before any ruling.

2. On November 19, 2026, during the 9:30 a.m. Central Time hearing in *In re Jetall Companies, Inc.*, No. 24-35761 (Bankr. S.D. Tex.), Mr. Choudhri asked Judge Norman whether he had called Judge Parker. Judge Norman stated on the record that he spoke to Judge Parker "yesterday" and that "she's going to transfer that case to the Southern District of Texas." (Exs. A, B.)

3. At the November 19, 2026 hearing in this case, Judge Norman's statement was brought to the Court's attention on the record. The Court stated that it had spoken with Judge Norman the week before about scheduling, and again on November 18 "about procedurally if the case is transferred," asking him, in substance, "if I transfer this, are you going to be able to hear these matters?" The Court said Judge Norman's statement was his "interpretation" of that call, and closed: "I'm not worried about what Judge Norman stated. I know what happened." (Ex. A; Doc. 60.)

4. At the opening of the hearing, the Court stated that, as reflected in its order to show cause, it thinks venue should be transferred, and that it was giving the Debtor "an opportunity to refute that." (Doc. 60.)

5. Debtor's counsel twice asked that Mr. Choudhri be allowed to address the Court. The Court said it did not want any evidence. Mr. Choudhri was permitted to make argument only after he asked to be heard, late in the hearing, and was not permitted to present evidence. He asked for a continuance and an opportunity to present evidence, and orally moved for recusal. The Court did not rule on recusal and took transfer under advisement without receiving any evidence. (Ex. A; Doc. 60.)

6. Two judges have therefore given conflicting accounts of an off-the-record conversation about transfer of this case, held before the hearing on transfer. The Debtor was not present at, notified of, or given a chance to respond to that conversation.

7. Mr. Choudhri is a party in interest in this case. He is the Debtor's Manager and an equity holder, and the Debtor indemnifies him. (Ex. A.) He was admitted to Houston Methodist Hospital on Monday, November 16, 2026, and remained there through the November 19 hearings (Doc. 53, Exs. A, B). Because he was in the hospital, he had no opportunity to respond to the Receiver's November 18 filing (Doc. 55) or to prepare to be heard on transfer. He appeared at the November 19 hearing by video from the hospital, pro se and as a party in interest (Docs. 45, 46, 58).

8. On November 18, 2026, the Receiver asked this Court to "confer with Judge Norman" about whether the Southern District of Texas should take this case. (Doc. 55.)

9. Judge Norman has, on the record, previously consulted judges in other courts and districts about Mr. Choudhri's related cases without the parties present, and has acted on those conversations. (See Part III.G and Exs. C through E.)

10. This Notice and Motion is filed promptly, the day after the Debtor learned of these facts.

## III. <u>ARGUMENT</u>

### A. Standard.

Section 455(a) requires any judge of the United States to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." The test is objective: whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Actual bias is not required. Section 455(b)(1) separately requires disqualification where the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding." Bankruptcy judges are bound by § 455 under Fed. R. Bankr. P. 5004(a). See *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994); *Hinman v. Rogers*, 831 F.2d 937, 938-39 (10th Cir. 1987); *United States v. Cooley*, 1 F.3d 985, 992-93 (10th Cir. 1993); *Liteky v. United States*, 510 U.S. 540, 548, 554-55 (1994).

**B. A reported decision before a hearing creates the appearance of prejudgment.**

The Debtor does not rely on any ruling by this Court. Adverse rulings alone are rarely grounds for recusal. *Liteky*, 510 U.S. at 555. The ground here is extrajudicial: a reported out-of-court statement that transfer had already been decided before the show-cause hearing was held. Judge Norman did not describe a scheduling call. He stated that this Court is transferring the case, based on a conversation prior to the hearing on transfer. If the statement was made, the outcome was settled before the hearing. If it was not made, a sitting federal judge has nonetheless announced in open court that it was, and the public record now contains that statement. In either case, a reasonable observer would doubt that the transfer hearing will be decided on its merits.

**C. The conflicting accounts make the Court a witness to a disputed fact.**

What was said in the conversation between the two judges is now a disputed fact material to this proceeding. Only the presiding judge and Judge Norman have personal knowledge of it. The Court cannot neutrally decide a dispute that turns on its own account of its own conduct. Section 455(b)(1) applies, and § 455(a) does as well.

**D. Communications between judges.**

The Debtor recognizes that the Code of Conduct for United States Judges allows judges to consult other judges. The Debtor does not contend that the conversation alone was improper. The concern is what was reportedly said: a decision on transfer made before the hearing on transfer, conveyed to the judge presiding over related litigation involving adverse parties.

**E. A stay is necessary to preserve meaningful review.**

A ruling on transfer while this Motion is pending would moot the relief sought and could not be undone once the case moves to another district. Once a timely recusal motion is filed, the judge should resolve it before taking further substantive action, and any decision must be documented so that it can be reviewed.

**F. The Receiver's request to confer with Judge Norman heightens the concern.**

The Receiver has asked the Court to consult Judge Norman about the very issue Judge Norman says the Court has already decided (Doc. 55). Any such consultation would happen off the record, without the Debtor, on a contested question. The Court should decline the request and disclose any communication that has already occurred.

**G. Judge Norman's record of off-the-record consultations makes his report credible.**

The Debtor does not ask this Court to rule on Judge Norman's conduct. The record is offered for one purpose: a reasonable observer would not dismiss Judge Norman's report as a misunderstanding, because consulting other judges about Mr. Choudhri's cases outside the parties' presence, and then acting on those conversations, is something Judge Norman has done before, in his own words, on the record.

First, on June 17, 2024, in *In re Galleria 2425 Owner, LLC,* No. 23-34815 (Bankr. S.D. Tex.), counsel told the court that Mr. Choudhri had suffered a stroke and that his physicians had ordered four weeks without stress (Tr. 12:14-13:6, ECF 740-11 at 13-14). Judge Norman then stated that he had denied the continuance in part because he "had a discussion with Judge Isgur" about a hearing in another case, and that Judge Isgur said

Mr. Choudhri "appeared able to participate." (Tr. 14:4-15, ECF 740-11 at 15.) He declined to let Mr. Choudhri address it (Tr. 17:4-6; 28:7-23). The hospital records showing the stroke diagnosis are at ECF 740-13 and 740-14. (Ex. C.)

Second, on December 5, 2024, at a Galleria hearing, Judge Norman said he knew Judges Bradley and Robinson personally and would reach out to them about the Jetall case; when counsel objected, he responded, "I'm going to do it anyway." The next day, Judge Bradley transferred the case on her own motion, with no motion or hearing, to Judge Norman by name. (W.D. Tex. No. 24-11544-cgb, Doc. 4-2 at 18-19 and Doc. 2; see also No. 23-34815, ECF 870.) The Court may take judicial notice of these court records under Fed. R. Evid. 201.

Third, in December 2024 and March 2025, a Wall Street Journal reporter, Alexander Gladstone, sent written questions to Judge Norman (December 9, 2024) and to Judges Robinson and Bradley (March 5, 2025) about these same contacts, including the Isgur conversation and the stroke records, and provided copies to Mr. Choudhri. The emails are attached only to show that the practice drew outside scrutiny; they are questions, not findings. (Exs. D, E.)

Fourth, in this case, Judge Norman stated on the record, before this Court had ruled, that this Court is "going to transfer that case." This Court has denied it. The pattern shows that Judge Norman's report describes a kind of contact he has had before. That is why the Court's on-the-record denial does not resolve the appearance problem; it creates a factual dispute that only an independent judge can fairly assess.

**H. The parties were not fully or fairly heard on transfer.**

A party in interest "may raise and may appear and be heard on any issue" in a chapter 11 case. 11 U.S.C. § 1109(b). Transfer requires notice and a hearing. 28 U.S.C. § 1412; Fed. R. Bankr. P. 1014(a). The November 19 hearing was not a full or fair hearing on transfer. It was set by the Court's own order, filed at 4:47 p.m. on a Friday, leaving three business days to respond. The order was not served on Mr. Choudhri or on creditors, and it placed the burden on the Debtor to "show cause as to why this case should not be transferred," although under 28 U.S.C. § 1412 the burden rests on the party seeking transfer. The Debtor's Manager was in the hospital. The Court declined to receive any evidence. Mr. Choudhri, a party in interest who appears pro se, was permitted to argue only after he asked to be heard late in the hearing, and his request to present evidence was not granted. And in the middle of the hearing, the Court learned that Judge Norman had said on the record that morning that this Court had already decided to transfer the case. Whatever was argued before that point was argued without knowing that the outcome may already have been settled; whatever came after it was heard by a judge whose impartiality on that very issue had just been called into question. The hearing on transfer should be held anew: a full hearing in the District of Wyoming, before a neutral judge designated under 28 U.S.C. § 155, on at least 21 days' notice to all parties in interest, at which the Debtor and Mr. Choudhri may present evidence, examine witnesses, and argue, with Mr. Choudhri permitted to appear by video if his medical condition requires.

**I. Any transfer motion must be decided by a different judge.**

Given the conflict now on the record, this Court cannot decide transfer. Two judges have given opposite accounts of a conversation about this very issue, and this Court is one of the two witnesses to that conversation. Transfer is the very issue on which this Court's impartiality is now in question. Judge Norman has stated on the record that this Court is "going to transfer that case." This Court cannot now decide transfer without the ruling appearing to confirm the prejudgment Judge Norman described. A judge whose impartiality on an issue might reasonably be questioned may not decide that issue. 28 U.S.C. § 455(a). Transfer, and any motion to transfer venue or for relief that would remove this case from this District, should therefore be heard and decided only by a judge designated under 28 U.S.C. § 155, after a full evidentiary hearing at which the Debtor is heard. For the same reason, any transfer order entered by this Court while this Motion is pending would be void or voidable and should be vacated. A recusal that comes after the case has already been sent to another district would provide no remedy.

**J. Timeliness.**

The Debtor learned of Judge Norman's statement and of this Court's response on November 19, 2026. This Notice and Motion is filed the next day, before any ruling on transfer.

## IV. <u>RELIEF REQUESTED</u>

The Debtor and Mr. Choudhri ask the Court to: (1) immediately stay any hearing on or ruling about transfer, and every other substantive ruling, until this Motion is finally decided; (2) if the Court denies this Motion, continue that stay until any petition for

mandamus and any related stay motion are finally decided by the reviewing court, and in no event enter any transfer order for at least 14 days after the denial so the Debtor can seek that review; (3) in the alternative, refer this Motion to another judge for decision, through the Chief Judge of the Tenth Circuit if necessary, since it turns on the presiding judge's own reported statement; (4) disclose on the record the substance of any communication with Judge Norman or his chambers about this case, including the date, who took part, and what was said; (5) deny the Receiver's request to confer with Judge Norman (Doc. 55), and refrain from any communication with Judge Norman or his chambers about this case while this Motion and any review of it are pending; (6) recuse under 28 U.S.C. § 455(a) and (b)(1) and request reassignment through the Chief Judge of the Tenth Circuit under 28 U.S.C. § 155; (7) order that the hearing on transfer be held anew, with evidence, and that transfer of this case, and any motion to transfer venue or otherwise remove this case from this District, be decided only after a new, full hearing on transfer in the District of Wyoming, before a neutral judge designated under 28 U.S.C. § 155, on at least 21 days' notice to all parties in interest, at which the Debtor and Mr. Choudhri may present evidence, examine witnesses, and argue, with Mr. Choudhri permitted to appear by video if his medical condition requires; (8) vacate any order concerning transfer entered while this Motion is pending; and (9) grant such further relief as is just. A proposed order is submitted with this Motion.

Date: November 20, 2026

Respectfully submitted,

/s/ Courtney A. Vincent
**Courtney A. Vincent**
Minnesota Bar No.: 0403083
Admitted pro hac vice (Doc. 23)
***Vincent Civil Rights – a Division of Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**

/s/ Charles F. Pelkey
**Charles F. Pelkey**
Wyoming State Bar No. 7-4612
Laramie Plains Civic Center
710 E. Garfield Street
Laramie, Wyoming 82070
Tel: (307) 920-0542
**CPelkey@LaramieLawyers.com**
*Local Counsel for the Debtor*

**COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**

*/s/ Ali Choudhri*
**Ali Choudhri, pro se**
Party in Interest and Manager of the Debtor
4521 San Felipe, #3201
Houston, Texas 77027
**ali@jetallcapital.com**

**CERTIFICATE OF SERVICE**

I certify that on November 20, 2026, the foregoing Notice and Motion, with Exhibits A through E and the proposed order, was filed through the Court's CM/ECF system, which served notice on all registered users, including Daniel J. Morse, counsel for the United States Trustee, and Andrew V. Hardenbrook, counsel for Travis B. Vargo, and that a copy was served by electronic mail on Paul Arthur Jordan, Subchapter V Trustee, at paul@np3llc.com, and on Ali Choudhri at ali@jetallcapital.com.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**