# EXHIBIT D

Email from Alexander Gladstone, The Wall Street Journal, to Ali Choudhri, March 5, 2025, containing his December 9, 2024 questions to Judge Norman

In re Arabella PH 3201 LLC, No. 26-20508 (Bankr. D. Wyo.)

JETALL

Ali @ Jetall <ali@jetallcompanies.com>

---

# Norman email

1 message

---

**Alexander Gladstone** <alexander.gladstone@wsj.com> Wed, Mar 5, 2025 at 12:47 PM
To: "Ali @ Jetall" <ali@jetallcapital.com>

Dear Judge Norman,

Hope this email finds you well. I am a reporter at the Wall Street Journal who focuses on bankruptcy-related issues. I have taken an interest in the recent proceedings involving Ali Choudhri and wanted to ask you some questions as I might mention these matters in a news article focused on the bankruptcy courts in the Southern District of Texas.

In the case concerning Galleria 2425 Owner, LLC (23-34815), Mr. Choudhri submitted documentation (#740-14) from his physician at Houston Cardiology Consultants that stated that he suffered a stroke earlier this year and was unable to return to work until July 7, 2024. A separate document (#740-13) from Houston Methodist shows that he was diagnosed with a stroke on June 3rd.

An individual named Christopher Wyatt is referenced in this case. A document submitted in the case (#740-10) shows law enforcement records concerning Mr. Wyatt which show a lengthy criminal record including felony convictions for crimes including unlawful weapon possession and burglary.

An agreed final judgment and permanent injunction in a separate case involving Ocwen Loan Servicing (2016-79190 in the district court of Harris County), shows that Mr. Wyatt admitted to having taken confidential documents from Ocwen, his former employer.

In the Galleria case, you filed an order on September 9th, (#717), which found that Mr. Choudhri filed a false proof of claim concerning the building and referred the matter to the US Attorney for investigation.

This order states that Mr. Choudhri falsely claimed that he was ill. Have you had a chance to review the documents #740-13 and #740-14 which present as exhibits Mr. Choudhri's medical records diagnosing him with a stroke?

In a hearing concerning the Galleria case on June 17th, you said that you had denied a motion favored by Mr. Choudhri because you had a discussion with Isgur about what happened at a separate hearing. Is it common practice for you to have communications outside the record with other judges or other individuals that may impact how you rule in a given case?

Your order also states that Mr. Wyatt is a "incredibly competent witness." Have you had a chance to review document #740-10 which includes his criminal record?

Your order also states that "The Court believes that Choudhri is a forger and a liar."

Would you be able to comment on your relationships with any other parties involved in the case, including Osama Abdullatif, Omar Kuwaja, the National Bank of Kuwait, and the law firms Jackson Walker and Pillsbury Winthrop, or any other parties that have any interest in this matter?

In a signed affidavit dated September 16, 2024, by a Choudhri employee named Dward Darjean, Darjean states that on September 6, 2024, he had a conversation with a person named Mansoor Chaudhari, who is known to work for and with Osama Abdullatif, a person who has been involved in the Galleria case as an adversary of Mr. Choudhri, as well as in other cases in your court.

Mr. Darjean swore that on September 6th, 2024, Mr. Chaudhari was on the phone, and said "I'm talking with Osama and we just got some great news." When Mr. Darjean asked him what that meant, Mr. Chaudhuri responded "News from the court that Ali (Choudhri my boss) is a forger and a liar." He added that "you will hear about Judge Norman's ruling soon."

I notice that your order three days later uses the exact same language, "forger and liar," which Mr. Darjean said he heard come out of Mr. Chaudhuri's mouth.

Would you be able to comment on how you may have arrived at using that exact language? Also, how would Mr. Chaudhuri or anyone else for that matter, be able to obtain knowledge of what your order would be before you issued it?

Your order disallowing proof of claim, is dated September 9th, 2024. On September 23, 2024, Mr. Choudhri's attorney Carl Cecere, filed a motion (#740) for reconsideration and relief from judgment from that order.

On September 24, 2024, you filed another order (#743) denying the motion to reconsider. That order, said that the movant had filed the motion that same day, September 24, 2024, and that it was untimely because it was not brought within 14 days of the previous order. But motion #740 is actually dated September 23, 2024, not September 24, 2024, within 14 days of your previous entry on September 9th, 2024. Your more recent order also states that the 14 days expired on September 20th, 2024. This is perplexing, because 9 plus 14 equals 23, not 20. Was this a mathematical error? Would you be able to explain how you arrived at the conclusion regarding timeliness in your order #743?

In your memorandum opinion, (#870), you state that you consulted with the judges in the Western District of Texas and requested for a separate Choudhri-related bankruptcy there to be transferred to your court. No party in the case made a motion requesting this. Can you comment on what rules would enable a judge in the Southern District to request a case to be transferred there from another district?

--

Alexander Gladstone
**REPORTER**

THE WALL STREET JOURNAL.

**M:** 617 686 9529 **O:** 212 416 4512
**E:** Alexander.Gladstone@wsj.com
**A:** 1211 Avenue of the Americas, New York, NY 10036

DOW JONES